George W. LUKOVSKY and Elizabeth L. Lukovsky, Appellants,

v.

COMMISSIONER OF REVENUE, Appellee.

No. 82–2235.

United States Court of Appeals, Eighth Circuit.

Submitted June 20, 1983.

Decided June 24, 1983.

Rehearing Denied July 22, 1983.

---

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Thomas K. Overton, Sp. Asst. Atty. Gen., Dept. of Revenue, Saint Paul, Minn., for appellee, the Com'r of Revenue.

George W. Lukovsky, pro se.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

George W. and Elizabeth L. Lukovsky appeal from the district court's[1] dismissal of their civil rights action against the Minnesota Commissioner of Revenue. The Lukovskys allege that the Commissioner deprived them of their privilege against self-incrimination in violation of 42 U.S.C. § 1983 by forcing them to turn over business records which were used to determine their state tax liability for 1976 and 1977. They further allege that the Commissioner assessed additional taxes against them in retaliation for their exercise of their privilege against self-incrimination. We affirm the district court's dismissal.

During the course of a civil audit of the Lukovskys' income tax returns for 1976 and 1977, the Minnesota Department of Revenue asked them to turn over their business and personal records. They turned over their expense records, but George Lukovsky, a chiropractor, refused to turn over his income records without a subpoena because the records contained patient names. A subpoena was served and he provided the income records. The Lukovskys allege that prior to turning over their records, they asserted their privilege against self-incrimination.

From the audit the Commissioner determined that the Lukovskys owed $3,308.12 in additional taxes for the years 1976 and 1977. They appealed this determination to the Minnesota Tax Court, but their appeal was dismissed because they failed to appear for their hearing. Their motion to reinstate the appeal was denied. They applied for a writ of certiorari to the Minnesota Supreme Court which granted the writ and summarily affirmed the Tax Court's dismissal. The Commissioner then collected the amount of additional tax owed by levying on their property.

The Lukovskys commenced this civil rights action against the Commissioner in federal district court seeking to recover the sum of money obtained by levy and $20,000.00 in damages for violating their privilege against self-incrimination. The district court dismissed the action, and this appeal followed.

■ This § 1983 action may well be barred by the eleventh amendment. In § 1983 actions the sovereign immunity of states prohibits federal courts from granting retroactive awards which would require the payment of funds from state treasuries. *Quern v. Jordan,* 440 U.S. 332, 338, 99 S.Ct.

1. The Honorable Paul A. Magnuson, United States District Judge, District of Minnesota.

1139, 1143, 59 L.Ed.2d 358 (1979). It appears from the appellants' brief that they are suing the Commissioner in his official capacity, and that the State of Minnesota is the real party in interest here. They seem not to allege that the Commissioner personally engaged in conduct which violated their fifth amendment rights, but rather that the manner in which they were investigated violated that right. Moreover, the relief sought by the Lukovskys, a return of the tax money the State collected by levying on their property and $20,000.00 in damages, at least in part, if not entirely, would require payment from public funds.

However, even if this action is not barred by sovereign immunity, we believe the appellants have failed to show a constitutional violation. Entitlement to the fifth amendment privilege depends upon the existence of a reasonable basis for apprehension of self-incrimination. *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972). In their brief the Lukovskys express only a generalized fear that the government will use the financial information obtained during the audit to charge them with a crime. The Commissioner has stated, however, that no criminal tax investigation will be performed on the Lukovskys, and Minnesota law prohibits the disclosure of information obtained in the course of a tax audit for non-tax use. *Minn.Stat.Ann.* 290.61. The Lukovskys' fear of prosecution is too speculative for the fifth amendment to be applicable here. *See Rechtzigel v. C.I.R.,* 703 F.2d 1063, 1064 (8th Cir.1983).

Accordingly, the judgment of the district court dismissing this action is affirmed.