George W. **LUKOVSKY** and Elizabeth
L. Lukovsky, Appellants,

v.

**COMMISSIONER OF INTERNAL
REVENUE, Appellee.**

No. 84–1101.

United States Court of Appeals,
Eighth Circuit.

Submitted May 7, 1984.

Decided May 23, 1984.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Steven I. Frahm, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Taxpayers George W. Lukovsky and his wife Elizabeth Lukovsky appeal from the tax court's dismissal for lack of prosecution of their petition contesting an income tax deficiency assessment for 1978 and 1979 and the imposition of damages in the amount of $500 pursuant to 26 U.S.C. § 6673 (1976).[1] We affirm.

Appellants claimed numerous business deductions on their 1978 and 1979 tax returns, but refused to substantiate those deductions on the ground that doing so would violate their fifth amendment privilege against self-incrimination. When appellants failed to come forward with any evidence to prove the legitimacy of their deductions or where the danger of self-incrimination lay, the tax court dismissed the action for failure to prosecute and levied statutory damages of $500 under 26 U.S.C. § 6673. The tax court noted that appellants instituted the proceedings primarily for delay and with full knowledge that their claim of privilege was frivolous. Appellants had unsuccessfully employed the same dilatory tactics with respect to assessed deficiencies on their 1977 income tax return. *See Lukovsky v. Commissioner,* 692 F.2d 527 (8th Cir.1982), *cert. denied,* 460 U.S. 1084, 103 S.Ct. 1776, 76 L.Ed.2d 347 (1983). Therefore, the tax court did not err in dismissing appellant's petition

---

1. 26 U.S.C. § 6673 (1976) provides:

    Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary or his delegate and shall be collected as part of the tax.

    We note that this section was amended in 1982 to increase the maximum damages from $500 to $5,000 in cases commenced in the tax court after December 31, 1982. The present action began before the effective date of the amendment.

for lack of prosecution or abuse its discretion in imposing statutory damages.

Pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912, the government requests that we impose sanctions on appellants for bringing this frivolous appeal. We deny the request, but warn appellants that "[w]hile sanctions will be denied in the present case, we give notice that, in the future, this court will consider assessing just damages as well as double costs for taking frivolous appeals on issues already clearly resolved." *Ueckert v. Commissioner,* 721 F.2d 248, 250–51 (8th Cir.1983).

Affirmed.