748 F.2d 499
 55 A.F.T.R.2d 85-395, 84-2 USTC P 9976
 George W. LUKOVSKY and Elizabeth L. Lukovsky, Appellants,
v.
David J. HERSTAD, Group Manager, David A. Piet, Examiner,
Meade Whitaker, U.S. Tax Court Judge; Arthur F. Pank,
Revenue Officer, James C. Lanning, Attorney, Robert F.
Cunningham, Counsel, and Roscoe L. Egger, Jr., Commissioner
of Internal Revenue, in Their Individual and Official
Capacity, Appellees,
and
George W. LUKOVSKY and Elizabeth L. Lukovsky, Appellants,
v.
David J. HERSTAD, Group Manager, David A. Piet, Examiner,
Albert P. Brodin, Revenue Agent, Charles E. Clapp, II, U.S.
Tax Court Judge, Arthur F. Pank, Revenue Officer, James C.
Lanning, Attorney, Robert F. Cunningham, Counsel and Roscoe
L. Egger, Jr., Commissioner of Internal Revenue, in Their
Individual and Official Capacity, Appellees.
 No. 84-5108.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 9, 1984.
Decided Nov. 28, 1984.
 
 George and Elizabeth L. Lukovsky, pro se.
 Glenn L. Archer, Jr., Washington, D.C., for appellees.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 George and Elizabeth Lukovsky instituted actions pursuant to 42 U.S.C. Secs. 1983, 1985, 1986, and 1988 against various federal officials of the Internal Revenue Service (IRS) and the United States Tax Court. The Lukovskys alleged that the officials' actions in assessing and collecting federal income taxes for 1976, 1977, 1978, and 1979 had deprived them of their right to invoke the fifth amendment privilege against self-incrimination. The Lukovskys requested that the district court vacate orders of the tax court, enjoin the IRS from collecting taxes, and award them monetary damages. Based on the recommendation of a magistrate and independent review, the district court[1] ordered that the cases be dismissed and that, upon application of defendants, attorney fees be awarded as a sanction for the Lukovskys' abuse of the judicial system. We affirm.
 
 
 2
 In a thorough and well-reasoned report, the magistrate correctly applied the law to the facts of this case. The magistrate found that a district court lacked jurisdiction to vacate tax court decisions, 26 U.S.C. Sec. 7482(a), and to restrain the assessment or collection of federal income taxes. Id. Sec. 7421(a). The magistrate also found that the actions against the named defendants were in their official capacity and thus against the United States and barred by sovereign immunity. Alternately, the magistrate found that the Lukovskys failed to allege sufficient facts to give rise to a 1983, 1985 or 1986 cause of action because they failed to allege that the officials acted under color of state law or with an unlawful discriminatory motive.
 
 
 3
 In support of the recommendation to award attorney's fees as a sanction, the magistrate noted that the Lukovskys "insist on maintaining a position which they have been repeatedly told is unsupportable." On three occasions this court has rejected the Lukovskys' contention as to their right to claim the fifth amendment privilege. In Lukovsky v. Commissioner, 692 F.2d 527, 528 (8th Cir.1982), (per curiam), cert. denied, 460 U.S. 1084, 103 S.Ct. 1776, 76 L.Ed.2d 347 (1983), this court stated that "[t]he fifth amendment may not be used as a subterfuge to avoid paying taxes." In Lukovsky v. Commissioner, 710 F.2d 453, 455 (8th Cir.1983) (per curiam), we stated that "[t]he Lukovskys' fear of prosecution is too speculative for the fifth amendment to be applicable here." In Lukovsky v. Commissioner, 734 F.2d 1320, 1320 (8th Cir.1984) (per curiam), this court affirmed a tax court's imposition of damages for instituting "proceedings primarily for delay and with full knowledge that their claim of privilege was frivolous."
 
 
 4
 Appellees also request that this court impose attorney's fees and costs as a sanction for the Lukovskys' filing a frivolous appeal. We grant the request. We have warned the Lukovskys that " 'in the future, this court will consider assessing just damages ... for taking frivolous appeals on issues already clearly resolved.' " Id. at 1321 (quoting Ueckert v. Commissioner, 721 F.2d 248, 250-51 (8th Cir.1983)). As recently stated by the Seventh Circuit and applicable here:
 
 
 5
 The doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes. Rule 38 of the Federal Rules of Appellate Procedure provides that a Court of Appeals may award just damages and single or double costs for frivolous appeals ... This Court has recently awarded reasonable attorney's fees and double costs to the government for a frivolous tax appeal. Other circuits, recognizing the waste of limited judicial and administrative resources that such groundless actions have occasioned, have awarded damages or other extradordinary costs in cases such as these.
 
 
 6
 Kile v. Commissioner, 739 F.2d 265, 269-70 (7th Cir.1984) (citations omitted).
 
 
 7
 Accordingly, the judgment of the district court is affirmed pursuant to 8th Cir.R. 14. Within fifteen (15) days of the filing of this opinion, appellees shall file with this court a submission as to fees and costs they have incurred.
 
 
 
 [1]
 The Honorable Robert G. Renner, United States District Judge for the District of Minnesota