810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman B. BARTLETT, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1865.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1986.
 
 1
 Before KEITH and GUY, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 The petitioner appeals pro se from the Tax Court's order dismissing his petition for redetermination of a deficiency. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner filed untimely tax returns which failed to state his approximately $23,000 in income for 1980 and approximately $22,000.00 in income for 1981 from General Motors Corporation in Michigan. The Commissioner sent a notice of deficiency to the petitioner in the amounts of approximately $5,600 for 1980 and $5,300 for 1981. The Commissioner also assessed late and negligent filing penalties.
 
 
 4
 The petitioner filed for review in the Tax Court, alleging that the Commissioner had overstated his income, understated his deductions, and violated his fifth and seventh amendment rights. Upon motion and response, the Tax Court dismissed the petition and assessed a $5,000.00 penalty because the petition was frivolous.
 
 
 5
 The petitioner failed to provide the Tax Court with a clear statement of the issues and facts involved in the case. Rules 34(b)(4) and (5), Rules of the Tax Court. Thus, he failed to carry the burden of rebutting the Commissioner's deficiency and of establishing the amount to which he was entitled. Cinelli v. Commissioner, 502 F.2d 695, 697-98 (6th Cir.1974). The petitioner asserted in his response to the motion to dismiss that he could not be required to provide such information because of the fifth amendment.
 
 
 6
 The short response to the petitioner's argument is that a blanket fifth amendment claim is frivolous. Heitman v. United States, 753 F.2d 333, 334 (6th Cir.1984) (per curiam); Brennan v. Commissioner, 752 F.2d 187, 189 (6th Cir.1984) (per curiam). The fifth amendment cannot be used as a substitute for producing evidence needed to meet the burden of proof. United States v. Rylander, 460 U.S. 752, 758 (1983). When he filed his response to the motion to dismiss, the petitioner had a clear opportunity to specify his claims, but he chose not to do so. Therefore, the Tax Court was correct to hold that he had failed to clearly state the issues and the facts supporting his issues.
 
 
 7
 The petitioner's argument concerning his right to jury trial before the Tax Court is also without merit. Wickwire v. Reinecke, 275 U.S. 101, 105-06 (1927); accord, Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir.1985). Concerning the $5,000.00 damage award assessed by the Tax Court under 26 U.S.C. § 6673, the standard of review is abuse of discretion. Lukovsky v. Commissioner, 734 F.2d 1320, 1321 (8th Cir.1984) (per curiam). Given the petitioner's total failure to make factual and legal allegations, the Tax Court did not abuse its discretion when it awarded damages.
 
 
 8
 Moreover, in Martin, supra, at 41, this Court said that in the future it would not hesitate to award damages when appeals were frivolous. We agree with the Commissioner that the present appeal is frivolous, and we therefore award $1,500.00 damages to the Commissioner.
 
 
 9
 The order of the Tax Court is affirmed under Rule 9(d)(2), Rules of the Sixth Circuit, because the appeal is frivolous. The Commissioner is awarded $1,500.00 damages.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation