816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold J. KOZIKOWSKI, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 86-1630.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1987.
 
 1
 Before MARTIN and MILBURN, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit, and upon examination of the record and the briefs, we conclude that no oral argument is necessary.
 
 
 3
 Petitioner, a tax protester, filed his petition pro se in the tax court seeking a redetermination of a $15,039.00 deficiency assessed by the respondent when petitioner failed to file an income tax return for the 1982 tax year. Petitioner has been before this court on the same issues for deficiencies assessed when he failed to file tax returns for the tax years 1980 and 1981. See Kozikowski v. Commissioner, No. 85-1883, Slip Opinion (6th Cir. February 16, 1987) (unpublished). The tax court granted summary judgment for the respondent dismissing petitioner's action and upheld the assessed deficiency and statutory additions. The tax court also awarded damages to the United States in the amount of $5,000.00.
 
 
 4
 Petitioner's appeal is totally frivolous. Petitioner does not dispute the fact that he failed to file a tax return for 1982, nor does he dispute the fact that he received income from the Chrysler Corporation. Rather, petitioner makes frivolous claims that have been clearly and repeatedly rejected by the courts. Petitioner has raised these claims before and has been put on notice of the consequences of maintaining groundless and frivolous actions. Thus, the tax court did not abuse its discretion in awarding damages under 26 U.S.C. Sec. 6673. Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam); Lukovsky v. Commissioner, 734 F.2d 1320 (8th Cir.1984) (per curiam).
 
 
 5
 Petitioner also failed to carry his burden of proving that the respondent's determinations were wrong. Petitioner was given adequate opportunity to present his grievances, but he persisted in making vague and conclusory statements which did not present any genuine issues of fact. Thus, petitioner was not deprived of due process as the record clearly supports the summary judgment determination of the tax court.
 
 
 6
 Petitioner's claim that he was denied his constitutional right to a jury trial is clearly frivolous because there is no right to a jury trial in the tax court. Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir.1985); Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir.1984) (per curiam). Finally, petitioner's claim of harassment is also meritless because, like his other claims, it is vague, conclusory and totally unsupported by any facts. Petitioner's attempt to prove this claim by raising issues in an appeal involving his 1979 tax return are fruitless as the issues in that appeal are totally irrelevant to the case at hand.
 
 
 7
 Based upon the record and in light of the fact that this court has been in this position with petitioner before, we conclude that petitioner's appeal is frivolous and we, therefore, award double costs and attorney's fees to the respondent pursuant to Fed.R.App.P. 38. An itemized and verified bill for the costs and attorney's fees may be filed with the clerk of this court, with proof of service, within 14 days after entry of this order.
 
 
 8
 Therefore, because this appeal is frivolous, the order of the tax court is affirmed pursuant to Rule 9(b), Rules of the Sixth Circuit, and the Commissioner is hereby awarded double costs and attorney's fees.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation