**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 86–2891.**

United States District Court, District of Columbia.

July 23, 1987.

Sandra Sue Adams-Choate, Washington, D.C. for plaintiff.

Michael J. Salem, U.S. Dept. of Justice, Washington, D.C. for defendant.

### MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Presently pending before the Court are defendant's motion for summary judgment, defendant's motion to dismiss, the plaintiff's oppositions thereto, and replies thereon. For the reasons stated below, the defendant's motion to dismiss will be granted.

Federal employees are required to contribute a portion of their pay to the Civil Service Retirement Fund. 5 U.S.C. § 8334 (Supp. III 1985). At the time of the contribution, income tax is paid by an employee on the entire sum earned; therefore, upon retirement, the employee may recoup his contribution without the imposition of additional tax. In other words, a federal retiree may exclude from taxable income that portion of pension income that represents his contribution to the Fund.

The Tax Reform Act of 1986 (TRA), Pub.L. 99–514, Oct. 22, 1986, 100 Stat. 2085, changed the method of calculating a federal retiree's taxable income in the early years of retirement. Prior to TRA, the employee's own contributions to the Fund were considered to be the first dollars paid out upon retirement. Thus, many federal retirees enjoyed up to three years of tax-free annuity income immediately upon retirement. After a retiree recovered his investment in the Fund, the remaining annuity receipts, attributable to government con-

tributions to the Fund, were fully taxable. Under TRA, an employee's contributions to the Fund are recovered over his or her life expectancy, instead of all at once in the first years of retirement. A portion of each annuity payment is now considered to have come out of employee contributions; a proportionate share is taxable. The effect of the change is that a federal retiree's taxable annuity income in the first three years of retirement will be considerably higher than it would have been before TRA.

Plaintiff alleges that the change effects an unconstitutional denial of certain of its members' right to due process of law. Specifically, plaintiff argues that the above-described provision deprive its members of property rights to their contributions to the Fund.

In the opinion of the Court, this action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a) (1982), and the Declaratory Judgment Act, 28 U.S.C. § 2201 (Supp. III 1985). The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a) (1982). The Declaratory Judgment Act similarly provides that "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (Supp. III 1985). "Although the two acts are not similarly worded, in this Circuit the two acts are interpreted coterminously." *Church of Scientology of Celebrity Centre v. Egger*, 539 F.Supp. 491, 494 (D.D.C.1982). Therefore, a decision under one statute is dispositive for purposes of the other.

Plaintiff seeks to remove this case from the ambit of the statutes cited above by arguing that this is not a tax case at all, claiming that the issue is really one of denial of property rights: "[T]he effect of the provisions of the 1986 TRA at issue here is not the imposition of a tax but rather a restriction of protected property rights." Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss at 3. The Court disagrees.

Granting the relief plaintiff requests would reduce plaintiff's members' tax bills and postpone the government's receipt of taxes due on retiree's pension income attributable to government contributions to the Fund. *See Bob Jones University v. Simon*, 416 U.S. 725, 738, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974) (petitioner's allegations that it would be subject to substantial tax liability if the government prevailed "leave little doubt that a primary purpose of this lawsuit is to prevent the [Internal Revenue] Service from assessing and collecting income taxes...."). This is precisely the type of damage the two statutes were designed to prevent. "The manifest purpose of section 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to disputed sums be determined in a suit for refund." *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Therefore, plaintiff's suit is barred unless it can establish applicability to a narrow, judicially created exception to the acts in question.

The Supreme Court stated in *Enochs, supra,* that "[I]f it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the [Anti-Injunction] Act is inapplicable and, under the *Nut Margarine* case [*Miller v. Standard Nut Margarine Co. of Florida*, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932)], the attempted collection may be enjoined if equity jurisdiction otherwise exists." 370 U.S. at 7, 82 S.Ct. at 1129. In the *Nut Margarine* case, plaintiff prevailed after introducing evidence that its product did not fit the statutory definition of "oleomargarine" and therefore it was inconceivable that the government could prevail in its effort to tax the product as such. "Only if it is ... apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be

**14**

maintained." *Enochs,* 370 U.S. at 7, 82 S.Ct. at 1129.

The instant action is not as clear-cut as the *Nut Margarine* case. The Court cannot state with certainty that "under no circumstances could the Government ultimately prevail." On the contrary, the government in this action presents rational arguments to rebut plaintiff's claim of denial of due process. Moreover, there is no need for this Court to decide the question because plaintiff's members have available an alternative remedy. They can bring a civil action for refund. 26 U.S.C. § 7422 (1982), and accordingly, the Court need not reach the merits of plaintiff's due process argument. In short, the Court lacks jurisdiction to decide the matter.

For the foregoing reasons, it is this 22nd day of July, 1987

ORDERED that defendant's motion to dismiss be and it is hereby granted; and it is further

ORDERED that this action be and it is hereby dismissed.