**J.L. McGRAW and LaNelle McGraw, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. S 90–24 C.

United States District Court,
E.D. Missouri,
Southeastern Division.

Feb. 6, 1992.

J.L. McGraw, pro se.

LaNelle McGraw, pro se.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., J. Joseph Raymond, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM

LIMBAUGH, District Judge.

Plaintiffs, J.L. McGraw and LaNelle McGraw, were farmers until they liquidated their farm assets in 1979. After the liquidation, plaintiffs were assessed income taxes by the Internal Revenue Service (IRS). Due to their insolvency, plaintiffs were unable to pay. They filed this action, *pro se,* on February 6, 1990, alleging that the IRS violated their constitutional rights by "illegally and arbitrarily and capriciously" assessing a tax liability and subse-

quently attaching a tax lien on their property.

Defendant moved to dismiss for improper service and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The nature of plaintiff's complaint was difficult to determine. The Court appointed plaintiffs an attorney for the limited purpose of determining whether plaintiffs could state a claim upon which relief could be granted. That attorney informed the Court that upon researching the issues of law, he was required to decline to file an amended-complaint as he was unable to find specific statutory or common law grounds to support an amended-complaint. The Court granted counsel's request to withdraw.

Plaintiffs themselves filed a motion for extension of time to file a first-amended complaint and requested additional time to secure the help of an attorney of their choice in preparing and filing a first-amended complaint. On February 4, 1991, retained counsel, on behalf of plaintiffs, filed a first-amended petition. Defendant answered, then on October 24, 1991, again moved to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). After a court order to show cause, plaintiffs responded to defendant's motion through retained counsel on December 3, 1991. Apparently dissatisfied with their retained counsel, plaintiffs requested that their attorney be released and that they be permitted to act as their own attorneys. On January 29, 1992, the Court granted that request.

This matter is again before the Court upon defendant's motion to dismiss. In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir.1986). The Court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, *Federal Practice and Procedure:*

Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122–123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* 355 U.S. at 45–46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.

Plaintiffs liquidated their farming operation in 1979, apparently to satisfy debts to the Farmers Home Administration. After the liquidation of plaintiffs' land and assets, the IRS assessed income taxes against them pursuant to the Alternative Minimum Tax for Taxpayers Other Than Corporations, 26 U.S.C. § 421(a). Due to their insolvency, plaintiffs were unable to pay.

On April 7, 1986, Congress enacted the Comprehensive Omnibus Budget Reconciliation Act of 1986. That Act provided, in part, that where an insolvent taxpayer transferred his farm to a creditor in cancellation of indebtedness, or sold his farm under threat of foreclosure, the amount of capital gains included as a preference item for calculation of the Alternative Minimum Tax would be reduced. This amendment, however, applied only to transfers or sales made after December 31, 1981.

Plaintiffs claim that they have been denied due process and equal protection of the laws because they are among the group of farmers who became insolvent between 1979 and 1981, to whom the act eliminating taxes did not apply. In their first-amended complaint, they seek (1) an order declaring the Alternative Minimum Tax, as applied to the small class of farmers, unconstitutional; and (2) to order the IRS to release and

relinquish their tax lien on plaintiffs' property.

Plaintiffs' action is improper under the Declaratory Judgment Act as suits with respect to federal taxes are not cognizable under 28 U.S.C. § 2201. *Ingham v. Turner,* 596 F.2d 315, 316 (8th Cir.1979). Additionally, the Anti–Injunction Act, 26 U.S.C. § 7421(a) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Despite plaintiffs' constitutional claims, this action is barred by the Anti–Injunction Act and the Declaratory Judgment Act in that it seeks to prevent the collection of tax. *See American Federation of Government Employees v. United States,* 669 F.Supp. 12, 13 (D.D.C.1987).

Although the Supreme Court has crafted a narrow exception to the Anti–Injunction Act, it does not apply here. Suits may be maintained to enjoin the United States from assessing or collecting taxes when the taxpayer can show that he has no adequate remedy at law, and it is clear that under no circumstances could the government prevail. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Bob Jones University v. Simon,* 416 U.S. 725, 727–37, 94 S.Ct. 2038, 2041–46, 40 L.Ed.2d 496 (1974).

Plaintiffs have failed to allege the elements of the common law exception to the Anti–Injunction Act. It appears, nonetheless, that plaintiffs could not make these allegations. First, plaintiffs have an adequate remedy at law in that they may pay the tax, file a claim for refund with the IRS, and sue for refund. *See Bob Jones University,* 416 U.S. at 746, 94 S.Ct. at 2050. Alternatively, they may file a petition with the tax court to challenge the validity of the Commissioner's determination of tax liability without prior payment. 26 U.S.C. § 6213.[1] Second, it is not clear

that under no circumstances could the Government prevail. "Courts are properly hesitant to declare legislative enactments unconstitutional." *Bowen v. Kendrick,* 487 U.S. 589, 108 S.Ct. 2562, 2578, 101 L.Ed.2d 520 (1987); *Spencer v. Brady,* 700 F.Supp. 601, 604 (D.D.C.1988).

Further, in a suit for refund of internal revenue tax alleged to be erroneously collected, the filing of a timely claim for refund with the IRS is a prerequisite. 26 U.S.C. § 7422(a); *Bruno v. United States,* 547 F.2d 71 (8th Cir.1976). Plaintiffs have failed to allege that they fully paid the assessed taxes and that they filed a claim for a refund.

Finally, with regards to plaintiffs' claims under 42 U.S.C. §§ 1983 and 1986, plaintiffs have failed to allege that the United States acted under color of state law. *Lukovsky v. Herstad,* 748 F.2d 499, 500 (8th Cir.1984).

For the foregoing reasons, defendant's motion to dismiss shall be granted.

---

1. The fact that the taxpayer failed to file a claim for refund within the statute of limitations period does not default the operation of the Anti–

Injunction Act and give rise to equitable jurisdiction. *Bob Jones University,* 416 U.S. at 742–43, 94 S.Ct. at 2049.