**Christian SPENCER, et al., Plaintiffs,**

**v.**

**Nicholas F. BRADY, in his official capacity as Secretary of the Treasury, Defendant.**

**Civ. A. No. 88–2349.**

United States District Court, District of Columbia.

Dec. 8, 1988.

Michael P. Farris, Great Falls, Va., for plaintiffs.

Stuart D. Gibson, Edward J. Snyder, U.S. Dept. of Justice, Tax Div. (Jay B. Stephens, U.S. Atty., Washington, D.C., of counsel), for government.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Plaintiffs, a group of parents with minor children, have brought suit seeking a declaratory judgment with respect to the interpretation and constitutionality of certain provisions of the Tax Reform Act of 1986 (Pub.L. 99–514) (the "Act"). Specifically, plaintiffs challenge Section 1524 of the Act, codified at 26 U.S.C. §§ 6109(e) and 6676(e), which requires that in claiming a deduction for a minor child pursuant to 26 U.S.C. § 151, a taxpaying parent must provide an "identifying number" for the child on the parent's tax return. Section 6109(d), in turn, defines an "identifying number" as a social security number. The parents claim that the Act, in effect, is a lever designed to intimidate taxpaying parents, upon pain of the potential loss of a deduction, into obtaining social security numbers for their minor children. The parents argue that this coerced participation in a "mandatory universal numbering system for all American citizens and residents" is in violation of their First and Fifth Amendment rights.

By way of remedy, the plaintiffs seek a declaration under 28 U.S.C. § 2201 that, in the first instance, the terms of the statute should not be construed to obligate taxpayer parents to obtain a social security or other registration number before enjoying the benefits of the deduction. Failing this, they seek a declaration that the statute is facially unconstitutional under the First and Fifth Amendments. Finally, they ask that this court declare that the penalties to be imposed for a failure to obtain and include a social security or other number be limited, under 26 U.S.C. § 6676(e), to $5.[1]

■ The plaintiffs' complaint must be dismissed because this court lacks jurisdiction to order the relief the plaintiffs have requested. Fed.R.Civ.P. 12(b)(1). The only conceivable basis for this court's jurisdiction to issue the requested declarations, and the sole basis specified in the plaintiffs' complaint, is the Declaratory Judgment Act. 28 U.S.C. § 2201. However, that provision expressly denies courts the authority to issue declaratory judgments insofar as those declarations are with "respect to Federal taxes." 28 U.S.C. § 2201(a). Because plaintiff's allegations, and the relief they seek, are inextricably related to federal tax issues, § 2201(a) expressly denies this court jurisdiction to grant the declarations plaintiffs have requested. Moreover, even if this court had the jurisdiction to do so under § 2201(a), the Anti–Injunction Act of the Internal Revenue Code, contained at 26 U.S.C. § 7421(a), expressly divests federal courts of the authority to entertain suits "for the purpose of restraining the assessment or collection of any tax." Because, as will be shown, when properly viewed the plaintiffs' suit seeks nothing more than to restrain the potential imposition of a tax, it cannot be maintained in this court.

The Declaratory Judgment Act's tax exception, and the Anti–Injunction Act, work together to ensure that preemptive taxpayer litigation will not frustrate the efforts of the Internal Revenue Service (the "IRS") to assess and collect federal taxes. In *Bob Jones University v. Simon*, 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974), the Supreme Court stated the goals of the Anti–Injunction Act as being "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement interference, and to require that the legal right to the disputed sums be determined in a suit for a refund." (*quoting Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)).[2] The Court noted

---

**1.** It is unclear from the interplay between § 6109(e) and § 6676(e) whether a parent's failure to provide the requested number will result in the loss of the deduction, or merely the imposition of a $5 penalty. The plaintiffs ask that this court resolve this ambiguity in favor of the $5 dollar penalty. As will be described below, the court lacks the authority to resolve even this preliminary question.

**2.** For purposes of describing the breadth of the Anti–Injunction Act's bar against preenforcement suits, there is no need in this case to distinguish between the Anti–Injunction Act and the Declaratory Judgment Act's tax exception.

that the Anti–Injunction Act has been read very literally in effecting this goal, *Bob Jones*, 416 U.S. at 738, 94 S.Ct. at 2046, and has held that a plaintiff's interjection of constitutional issues into a preenforcement suit is irrelevant to the proscriptions of the Anti–Injunction Act. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 760, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 518 (1974).

Here, plaintiffs seek to evade the foregoing by casting their complaint as a constitutional challenge to what they see as the federal government's invidious scheme —operating, they allege, subtly and indirectly through the Internal Revenue Code —to coerce the participation of all Americans in a "mandatory universal numbering system." The plaintiffs argue that this action only indirectly involves taxes, and that this allegedly unconstitutional scheme. They disclaim any particular interest in retaining their minor-child deductions. While the court by no means takes the plaintiffs constitutional and religious concerns lightly, it must disagree with the plaintiffs. At bottom, this suit seeks to enjoin the assessment and collection of a federal tax.

▮ Logic compels this conclusion. The plaintiffs are in no way *required* to obtain social security or other identification numbers for their children. Section 6109(e) is not mandatory. Rather, § 6109(e) offers a trade-off: a parent can obtain the number and receive the deduction, or a parent can refuse to obtain a number and possibly forego the deduction.[3] Obviously, the plaintiffs here find the first alternative unacceptable because it requires that they obtain the number, and would rather file this suit than follow the latter course and

possibly pay the additional tax. Section 6109(e)'s implicit trade-off is therefore objectionable to the plaintiffs solely because a decision not to obtain a number—a course which would permit them to avoid participation in a "scheme" they regard as unconstitutional—would potentially involve the assessment and collection of a tax in excess of that which they are currently paying (i.e., the additional tax represented by the loss of the deduction).

Accordingly, it is plain that the crux of the plaintiffs complaint is *not*, as they say in their papers, that § 6109(e) unconstitutionally requires that they compromise their principles. Instead, plaintiffs' complaint is that § 6109(e) may attach additional *tax* consequences to a decision to comply with those principles. These potential tax consequences—the assessment and collection of a tax should the plaintiffs not provide the numbers—are unquestionably what the plaintiffs seek to enjoin here. Stripped bare, the plaintiffs' complaint seeks assurances from this court that, should the plaintiffs decide not to obtain identification numbers, they will not be required to suffer *as taxpayers*. It is difficult to imagine a case more clearly involving the "assessment and collection" of taxes, or "with respect" to taxes. The plaintiffs simply cannot avoid this result by tendering a constitutional red herring.[4] It is precisely this type of suit that the Anti–Injunction Act and the tax exception to the Declaratory Judgement Act seek to foreclose.

The plaintiffs' only hope, and it is a hope referred to in their complaint, is to bring this action within one of the two judicially

---

The Supreme Court has noted that, while it is conceivable that the Declaratory Judgment may have broader preclusive effect, the two statutes are at least equally broad in their prohibition against preenforcement suits. *Bob Jones*, 416 U.S. 725, 733 n. 7, 94 S.Ct. 2038, 2044 n. 7, 40 L.Ed.2d 496 (1974). *See also Church of Scientology of Celebrity Centre v. Egger*, 539 F.Supp. 491, 494 (D.D.C.1982) ("Although the two acts are not similarly worded, in this Circuit the two acts are interpreted coterminously.").

3. As noted above, there is some question as to whether the failure to provide the number will result in the disallowance of the minor-child

deduction or will cause only the imposition of a $5 penalty.

4. This conclusion expresses no opinion as to the *merits* of the plaintiffs' constitutional arguments. It deals only with the preliminary, jurisdictional question of whether the suit is one "with respect" to, or seeking to enjoin the "assessment and collection" of, federal taxes. The point made above is only that the plaintiffs *cannot avoid the import of their allegations—* which are inherently related to taxes—by proffering constitutional arguments of the sort advanced in their complaint and pleadings.

recognized exceptions to the Anti–Injunction Act. This they cannot do.

◼ The Supreme Court created the first exception in *Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The Court held in *Enochs* that a suit seeking to enjoin the "assessment or collection" of a tax may proceed if two essential prerequisites are satisfied: (1) relief would be appropriate under equity's traditional criteria; and (2) it is clear that under no circumstances can the Government prevail on the merits. *Id.* at 7, 82 S.Ct. at 1129. Here, without deciding the issue of whether plaintiffs' complaint satisfies the traditional equity criteria,[5] it is by no means clear that the Government could *not* prevail under any circumstances on the constitutional questions. Courts are properly hesitant to declare legislative enactments unconstitutional. *Bowen v. Kendrick*, —— U.S. ——, 108 S.Ct. 2562, 2578, 101 L.Ed.2d 520 (1987) (noting in First Amendment context "the traditional presumption in favor of the constitutionality of statutes enacted by Congress"). On the face of both the complaint and the Act, it simply cannot be said that the Government will be utterly incapable of defending the Act's constitutionality. Because the plaintiffs cannot establish a virtual certainty of ultimate success, their complaint does not fall within the Anti–Injunction Act's first exception.

◼ The second exception to the Anti–Injunction Act, derived from the Supreme Court's decision in *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed. 2d 372 (1984), clearly does not apply here. In *Regan*, the Court carved an extremely narrow second exception to the Anti–Injunction Act for situations in which the taxpayer has no means of challenging a tax statute other than through an injunctive action.[6] Here, the plaintiffs have the right to: (1) refuse to obtain the numbers, withhold payment on the amount of the possible increase by virtue of the withdrawal of the deduction, and challenge the Act's constitutionality in defense to an IRS action; or (2) provide the numbers, pay the additional tax, and challenge the Act's constitutionality in a refund suit pursuant to 28 U.S.C. 1346(a)(1). Either course, while certainly not ideal for the plaintiffs, would provide the plaintiffs with ample opportunity to raise, after § 6109(e) has been applied to them, the constitutional challenges they have presented to this court. The Court's decision in *Regan* therefore is of no help to the plaintiffs.

Because the plaintiffs' action is one that, at root, seeks to enjoin the "assessment or collection" of a tax, and is "with respect to Federal taxes," this court's jurisdiction to grant the relief the plaintiffs seek is prohibited by both the Anti–Injunction Act, 26 U.S.C. § 7421(a), and the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Government's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) will be granted. An order of even date herewith shall issue.

---

5. It seems that the plaintiffs, should they determine not to obtain the numbers and forego the deduction, would have an adequate remedy at law by virtue of their right to bring suit seeking a refund under 28 U.S.C. § 1346(a)(1). *See also American Fed. of Gov't Employees v. AFL–CIO*, 669 F.Supp. 12, 14 (D.D.C.1987) (right to bring suit for refund takes claim out of first exception to Anti–Injunction Act).

6. In *Regan*, the State of South Carolina applied to the Supreme Court's original jurisdiction in challenging a 1982 tax provision which required that, in order for the interest on state or municipal bonds to be tax-free, the bonds had to be issued in registered rather than in bearer form. An IRS regulation limiting the rights of issuers to challenge a denial of tax-exempt status to actions brought in the Tax Court did not grant the Tax Court the authority to decide the constitutionality of the statute. Accordingly, South Carolina could only challenge the statute's constitutionality in an action before the Supreme Court. The Court found that where Congress has not granted a potential plaintiff a legal means of challenging the validity of a tax were the Anti–Injunction Act enforced, the operation of the Anti–Injunction Act would be suspended.