for disposition in accordance with this Memorandum Opinion.

Thomas W. **FURLOW,** Jr.

v.

**UNITED STATES of America.**

No. Civ. CCB–98–2394.

United States District Court, D. Maryland.

July 6, 1999.

---

gues that because COGSA applies to this dispute, the matter falls within the exclusive admiralty jurisdiction of the District Court. This is a red herring. Although it is a factor the court may consider in reaching its determination, the application of COGSA is not by itself determinative of the trial court's jurisdiction. *See Berkshire Fashions, Inc.,* 954 F.2d at 882 (even though COGSA was applicable to bill of lading, trial judge must take evidence of the actual events of the transaction, together with the usual trade and practice of the parties, to determine if admiralty jurisdiction is invoked).

**5.** The Territorial Court also was precluded from hearing this matter because of the choice of forum clause contained in the parties' bill of lading. The bill of lading states that "any suits against the Carrier shall be brought in the Federal Courts of the United States." (Appellant's Br. Ex. 2, ¶ 34.) Bryan argues that since Crowley has not been able to produce a signed copy of the original bill of lading, the terms and conditions of the contract are inapplicable to her dispute with Crowley. The first paragraph of the contract defeats her argument: "The absence of signatures of either Carrier or Shipper or both shall not affect the applicability or enforceability of this Bill of Lading." (*Id.* ¶ 1.)

Thomas W. Furlow, Jr., plaintiff pro se.

Melissa A. Holton, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

## *MEMORANDUM*

BLAKE, District Judge.

In this lawsuit, Plaintiff Thomas W. Furlow, Jr., seeks an order requiring the United States government to refund to him $1,456.00, plus interest, in income taxes that he allegedly overpaid for the 1996 and 1997 tax years. *See* 26 U.S.C. § 7422.[1] The alleged overpayment resulted from the Internal Revenue Service's decision to deny Mr. Furlow an income tax exemption for his minor dependent son in 1996 and 1997 because Mr. Furlow did not provide a social security number or taxpayer identification number for his son on his returns

---

1. Mr. Furlow originally had also sought an order requiring the government to pay him an additional refund of $18,441.00 for the 1996 tax year. *See* Compl. ¶ 9. The government asserts that all of this money already has been paid to Mr. Furlow, with the exception of $2,061.76 which was applied to Mr. Furlow's outstanding income tax liability for 1994. *See* Gov't's Motion, p. 2. Mr. Furlow does not contest the government's position that his refund claim with respect to the $18,441.00 is now moot; indeed, he appears to concede the point. *See* Pl.'s Motion, p. 2 (stating that "[t]o date, the Internal Revenue Service has failed to refund to Plaintiff the sums of $714.00 in overpaid taxes for the year 1996 and $742.00 in overpaid taxes for the year 1997," without mentioning the additional $18,441.00). Accordingly, Mr. Furlow's refund claim with respect to the $18,441.00 will be dismissed.

for those years. *See* Compl., Exs. 1 & 2. As a result, the IRS recomputed Mr. Furlow's income tax liability, holding him liable for an additional $714.00 in 1996 and an additional $742.00 in 1997. *Id.*

It is undisputed that Mr. Furlow's son does not, in fact, possess a social security number or a taxpayer identification number. In lieu thereof, Mr. Furlow alleges that he included with his 1996 and 1997 tax returns an affidavit pursuant to Treasury Department regulation 26 C.F.R. § 301.6109–1(c), which Mr. Furlow argues "permits an exception to the reporting requirement" which the IRS found he had violated in disallowing the exemption for his son. *See* Compl. ¶ 8; Pl.'s Motion, p. 3. The government takes the position that this particular regulation is "inapplicable" in light of 26 U.S.C. § 151(e), which expressly states that "[n]o exemption shall be allowed under this section with respect to any individual unless the TIN [taxpayer identification number] of such individual is included on the return claiming the exemption." *See* Gov't's Motion, p. 4 n. 2.

The issue presented is whether Mr. Furlow is entitled to an income tax exemption for his minor dependent son for the 1996 and 1997 tax years, when he included with his returns an affidavit pursuant to 26 C.F.R. § 301.6109–1(c) instead of a social security number or taxpayer identification number for his son pursuant to 26 U.S.C. § 151(e). This appears to be a question of first impression among the federal courts.

Now pending are the following motions: the government's motion for partial summary judgment as to the 1996 tax year, Mr. Furlow's cross-motion for summary judgment,[2] the government's motion for a protective order, and Mr. Furlow's motion to compel discovery and for Rule 11 sanctions. These motions have been fully

briefed, and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons that follow, the court will grant both of the government's motions and deny both of Mr. Furlow's motions.

### STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994). In opposing a motion for summary judgment, the non-moving party may not rest upon mere allegations or denials in his pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Allstate Fin. Corp. v. Financorp, Inc.,* 934 F.2d 55, 58 (4th Cir.1991). The "mere existence of a scintilla of evidence in support of the plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

### DISCUSSION

#### I. Summary Judgment Motions

26 U.S.C. § 151(e) provides: "No exemption shall be allowed under this section with respect to any individual unless the TIN [taxpayer identification number] of such individual is included on the return claiming the exemption." Mr. Furlow does not dispute that this provision applies to income tax returns filed for the 1996 and 1997 tax years.[3] By its express terms,

---

2. Although labeled as a motion for "partial" summary judgment, Mr. Furlow's motion seeks a ruling as to both the 1996 and 1997 tax years, and consequently will be treated as a motion for summary judgment on all claims.

3. Section 151(e) was enacted on August 20, 1996, as part of the Small Business Job Protection Act of 1996, Pub.L. No. 104–188, § 1615(a)(1), 110 Stat. 1755, 1853 (1996). It applies "to returns the due date for which (without regard to extensions) is on or after

section 151(e) absolutely prohibits the IRS from permitting a taxpayer to claim an income tax exemption for any individual under 26 U.S.C. § 151 unless that individual's taxpayer identification number (or social security number [4]) is included on the return claiming the exemption. The statute provides for no exceptions to this rule.[5] Thus, to receive an income tax exemption for an individual under 26 U.S.C. § 151, the taxpayer must include the social security number or taxpayer identification number of the claimed individual on his returns. If the taxpayer fails to do so, section 151(e) mandates that the exemption be disallowed. The plain language of the statute will sustain no other reading.

 The court agrees with Mr. Furlow that section 151(e) does not necessarily require a taxpayer to obtain a social security number or taxpayer identification number for any child or dependent. *See* Pl.'s Motion, p. 3. If the taxpayer wishes to claim the child or dependent as an exemption on his federal income taxes, however, then section 151(e) requires that such a number be obtained and reported on the taxpayer's returns. The district court in *Spencer v. Brady*, 700 F.Supp. 601 (D.D.C. 1988), reached a similar conclusion involving section 151(e)'s predecessor statute, 26 U.S.C. § 6109(e), since repealed. *See* Pub.L. No. 104–188, § 1615(a)(2)(A), 110 Stat. 1755, 1853 (1996). Section 6109(e) required a taxpayer to furnish a taxpayer identification number for any dependent claimed as an exemption under 26 U.S.C.

§ 151 who was five years of age or older during the taxable year. The plaintiffs in *Spencer* contended that this provision violated their First and Fifth Amendment rights. 700 F.Supp. at 602. The district court rejected their argument, explaining that the statute

> in no way required [the plaintiffs] to obtain social security or other identification numbers for their children. Section 6109(e) is not mandatory. Rather, § 6109(e) offers a trade-off: a parent can obtain the number and receive the deduction, or a parent can refuse to obtain a number and possibly forego the deduction.[6]

*Id.* at 603 (dismissing plaintiffs' complaint for lack of subject matter jurisdiction).

Section 151(e) presents Mr. Furlow, and all similarly-situated taxpayers, with a similar trade-off. The only difference is that under current section 151(e), failure to provide the required taxpayer identification number necessarily (not "possibly") results in the exemption's disallowance. Since Mr. Furlow did not include a social security number or taxpayer identification number for his son on either his 1996 or 1997 income tax returns, he may not claim his son as an exemption under 26 U.S.C. § 151 for those years. Accordingly, the IRS properly recalculated the amount of taxes he owed for those years, and Mr. Furlow is not entitled to the claimed refunds.

the 30th day after the date of enactment of this Act." *Id.* § 1615(d)(1), 110 Stat. at 1853.

**4.** "There are generally three types of taxpayer identifying numbers: social security numbers, Internal Revenue Service (IRS) individual taxpayer identification numbers, and employer identification numbers." 26 C.F.R. § 301.6109–1(a) (1997 & 1998).

**5.** The law enacting section 151(e) contained a special exception for the 1995 and 1996 tax years. With respect to the 1996 tax year, it provided that "a taxpayer shall not be required by the amendments made by this section to provide a taxpayer identification

number for a child who is born after … November 30, 1996, in the case of a taxable year beginning in 1996." Pub.L. No. 104–188, § 1615(d)(2), 110 Stat. at 1853–54. It is uncontested that the child for whom Mr. Furlow claimed the exemptions at issue in this case was born prior to November 30, 1996. *See* Gov't's Motion, p. 5. Consequently, this special exception does not apply.

**6.** Under the predecessor statute, it was not clear whether the failure to provide the TIN would result in disallowance of the deduction or imposition of a $5.00 penalty. *See Spencer v. Brady*, 700 F.Supp. 601, 603 n. 3 (D.D.C. 1988).

Despite recognizing that "[t]he plain language of this law [section 151(e) ] requires that the TIN of any individual who is claimed as an exemption must be included on the tax return," Pl.'s Opposition, p. 2, Mr. Furlow argues that Treasury Department regulation 26 C.F.R. § 301.6109–1(c) "permits an exception to the reporting requirement when the taxpayer does not have the number of the other individual," Pl.'s Motion, p. 3. Mr. Furlow further argues that since he followed the affidavit procedure set forth in the regulation, he "cannot be denied a tax benefit for not reporting the number of his dependent child." *Id.* The court disagrees.[7]

The version of 26 C.F.R. § 301.6109–1(c) which applied to Mr. Furlow's 1996 and 1997 income tax returns provided, in pertinent part:

> Every person required under this title to make a return, statement, or other document must furnish such taxpayer identifying numbers of other U.S. persons ... as required by the forms and the accompanying instructions. If the person making the return, statement, or other document does not know the taxpayer identifying number of the other person, such person must request the other person's number. A request should state that the identifying number is required to be furnished under authority of law. When the person making the return, statement, or other document does not know the number of the other person, and has complied with the request provision of this paragraph,

such person must sign an affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service, so stating. . . .

26 C.F.R. § 301.6109–1(c) (1997 & 1998).[8] Relying on this regulation, Mr. Furlow allegedly prepared and submitted along with his 1996 and 1997 income tax returns affidavits stating that he did not know his son's taxpayer identification number, that he "did request" that his son provide him with the number, and that his son "failed to comply with my request." *See* Compl. ¶¶ 7–8, Exs. 3–4.[9] Mr. Furlow contends that by filing these affidavits, his failure to satisfy the requirements of section 151(e) was excused and he was entitled to the exemptions for his son. Since the IRS increased his income tax liability for 1996 and 1997 after disallowing these exemptions, Mr. Furlow claims he is owed a refund.

■ It is a fundamental principle of American law that legislative statutes take precedence over conflicting administrative regulations. *See, e.g., Caldera v. J.S. Alberici Constr. Co.,* 153 F.3d 1381, 1383 (Fed. Cir.1998) n. ** (Fed.Cir.1998) ("Statutes trump conflicting regulations"); *Wolf Creek Collieries v. Robinson,* 872 F.2d 1264, 1267 (6th Cir.1989) ("statutory language ... prevail[s] over inconsistent regulatory language"); *Pacific Gas and Elec. Co. v. United States,* 664 F.2d 1133, 1136 (9th Cir.1981) ("a regulation which operates to create a rule out of harmony with

---

7. Another argument made by Mr. Furlow is that section 151(e) "does *not* explicitly deal with the circumstance of an individual who has no TIN but who is claimed as an exemption as in the instant case." Pl.'s Opposition, p. 2 (emphasis in original). This is not correct. Where an individual without a taxpayer identification number is claimed as an exemption on a taxpayer's returns and consequently no such number is reported for the individual, section 151(e) clearly requires that the exemption be disallowed.

8. A substantially revised version of this regulation is scheduled to take effect on January 1,

2000. *See* 26 C.F.R. § 301.6109–1(c) (1998); 63 Fed.Reg. 72183 (December 31, 1998).

9. Although Mr. Furlow claims he submitted affidavits for both the 1996 and 1997 tax years, the copies attached to his complaint only refer to the 1996 tax year. *See* Compl., Exs. 3–4. Nevertheless, for purposes of resolving the present motions, the court will assume that Mr. Furlow completed and submitted affidavits for the 1996 and 1997 tax years in full compliance with 26 C.F.R. § 301.6109–1(c).

the statute, is a mere nullity") (citing *Manhattan Gen. Equip. Co. v. Commissioner of Internal Revenue,* 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528 (1936)); *United States v. Gordon,* 638 F.2d 886, 888 (5th Cir.1981) ("Whatever effect the agency regulation may have under other circumstances, it cannot supersede a statute applicable to those present here").

In this case, the meaning and purpose of 26 C.F.R. § 301.6109–1(c) is far from clear.[10] In particular, nothing in the language of the regulation indicates that it creates any kind of exception to the strict rule laid out in section 151(e) concerning the reporting of taxpayer identification numbers for individuals claimed as exemptions under 26 U.S.C. § 151. At best, the regulation is ambiguous. Even assuming, *arguendo,* that the regulation does create such an exception, it simply cannot override section 151(e)'s absolute mandate that a taxpayer identification number be reported for any individual for whom an exemption is claimed under 26 U.S.C. § 151. As a statute duly enacted by Congress and signed into law by the President, section 151(e) takes precedence over a conflicting Treasury Department regulation. Finally, had Congress intended for there to be any exceptions to the rule established by section 151(e), it is reasonable to presume that Congress would have drafted the statutory language differently. *Compare, e.g.,* 26 U.S.C. § 23(f)(2)(A) (involving tax credits for adoption expenses) ("No credit shall be allowed under this section with respect to any eligible child unless the taxpayer includes (*if known*) the name, age, and TIN of such child") (emphasis added); *cf. Consumer Fed'n of America v. Department of Health and Human Servs.,* 83 F.3d 1497, 1503 n. 6 (D.C.Cir. 1996) (explaining that "had Congress intended" to give clinical laboratory reform statute the meaning suggested by plaintiffs, "it presumably would have drafted the statute differently").

In sum, 26 U.S.C. § 151(e) establishes an absolute requirement that a taxpayer identification number be reported for any individual for whom an income tax exemption is claimed under 26 U.S.C. § 151. Treasury Department regulation 26 C.F.R. § 301.6109–1(c) does not provide an exception to this rule. Consequently, when Mr. Furlow submitted an affidavit in lieu of a taxpayer identification number for his son on his 1996 and 1997 income tax returns, he was not thereby excused from compliance with the terms of section 151(e), and the IRS properly disallowed his claimed exemptions. Mr. Furlow, therefore, is not entitled to any income tax refund for 1996 or 1997. Accordingly, the government's partial motion for summary judgment as to the 1996 tax year will be granted and Mr. Furlow's motion for summary judgment as to both the 1996 and 1997 tax years will be denied.

## II. Discovery Motions

On January 14, 1999, Mr. Furlow issued a Notice of Deposition and Duces Tecum seeking to compel the IRS to provide testimony and documents relating, *inter alia,* to "[a]ny and all matters concerning Plaintiff's federal income tax 1040 returns for the tax years 1994–1997 inclusive." *See* Gov't's Motion for Prot. Order, Ex. A. On February 22, 1999, the government filed a timely and proper motion for a protective order pursuant to Fed.R.Civ.P. 26(c) to prevent the proposed deposition from taking place. In response, Mr. Furlow filed a motion to compel discovery and for Rule 11 sanctions on the grounds that the government's motion for a protective order was frivolous and in bad faith. For the reasons that follow, the court will grant the government's motion and deny Mr. Furlow's motion.[11]

---

**10.** A search of the available electronic databases reveals no case in which a federal court has ever interpreted or applied this regulation.

**11.** The court will also deny Mr. Furlow's request that the government pay him $450.00 in compensation for the time he spent preparing his motion.

Fed.R.Civ.P. 26(c) provides that "for good cause shown, the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." The Rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

In this case, the court finds that Mr. Furlow's discovery request greatly exceeds the scope of the present litigation. Under Fed.R.Civ.P. 26(b)(1), parties are permitted to conduct discovery "regarding any matter, not privileged, which is relevant to the subject matter involved *in the pending action*…. " (Emphasis added.) The subject matter of this action, as set forth in Mr. Furlow's complaint, is limited to the single legal question, discussed above, concerning the tax consequences of his having submitted an affidavit pursuant to 26 C.F.R. § 301.6109–1(c) instead of a taxpayer identification number for his son pursuant to 26 U.S.C. § 151(e) for the 1996 and 1997 tax years. Mr. Furlow's additional demand that the IRS refund to him $18,441.00 in overpaid income taxes for 1996 subsequently was mooted. *See* footnote 1, *supra.* No other issue involving 1996, 1997, or any other taxable year is presented in the complaint. Since Mr. Furlow's discovery request goes well beyond the subject matter of this case and would impose an unjustified burden on the government, the government's motion will be granted. For the same reasons, Mr. Furlow's motion to compel and for sanctions will be denied. No further discovery of any kind will take place until such time as the court finds that additional discovery is needed.

It appears to the court that summary judgment in favor of the government would be appropriate as to the 1997 tax year. If Mr. Furlow or government counsel disagree, a memorandum explaining why summary judgment is not appropriate should be filed with the Clerk no later than July 24, 1999. *See* Fed.R.Civ.P. 52(c).