T.C. Memo. 2001-214


UNITED STATES TAX COURT


JUAN VEGA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9217-00.          Filed August 10, 2001.


Juan Vega, pro se.

<u>Kevin W. Coy</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1996 and 1997 in the amounts of $2,578 and $2,014, respectively.

The issues for decision are as follows:

(1) Whether petitioner included proper identifying numbers of the individuals whom he claimed as dependents on his income tax returns for 1996 and 1997.  We hold that he did not; accordingly, by virtue of section 151(e),[1] petitioner is not entitled to deductions for dependency exemptions for such individuals.

(2) Whether petitioner, an unmarried individual, qualifies for head-of-household filing status for 1996 and 1997.  We hold that he does not; accordingly, by virtue of sections 1(c), 3(c), and 63(c), petitioner's tax liabilities for the years in issue must be determined using the tax table for "single" individuals, as well as the standard deduction appropriate to that filing status.

## FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Long Beach, California, at the time that his petition was filed with the Court.

Petitioner, an unmarried Mexican national, has been a resident of California since 1988.  During 1996 and 1997, the taxable years in issue, petitioner resided in Long Beach, California, and was employed as a fork lift operator by American

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1996 and 1997, the taxable years in issue.

Racing Equipment, Inc., of Rancho Dominguez, California.

Although he resided in Long Beach in 1996 and 1997, petitioner also maintained a residence in southern Mexico during those years. Petitioner paid more than one-half of the cost of maintaining this residence for each of those years.

During 1996 and 1997, petitioner's father and mother, two brothers, and two sisters (collectively, petitioner's relatives) lived at the residence in Mexico that petitioner maintained. The names of these individuals, their relationship to petitioner, and their birth dates are as follows:

| Name | Relationship | Birth Date |
|------|-------------|------------|
| Benjamin Vega | father | Oct. 30, 1927 |
| Margarita Campos | mother | July 22, 1939 |
| Jose De Jesus Vega | brother | Nov. 14, 1971 |
| Rafael Vega | brother | Oct. 11, 1973 |
| Cleofas Gabriela Vega | sister | May 21, 1977 |
| Liliana Margarita Vega | sister | Jan. 20, 1981 |

Petitioner's relatives are all Mexican nationals. None of them has ever resided in the United States, nor has any one of them ever worked in the United States.

Petitioner timely filed a U.S. Individual Income Tax Return (Form 1040A) for 1996. On his return, petitioner designated his filing status as head of household and claimed the standard deduction in the amount appropriate to that filing status. Also on his return, petitioner claimed his relatives as dependents. For each of his relatives, petitioner listed a purported 9-digit Social Security number (sometimes referred to as an SSN), the

first 3 digits of which were as follows:

| Name | Relationship | SSN |
| --- | --- | --- |
| Benjamin Vega | father | 551-xx-xxxx |
| Margarita Campos | mother | 455-xx-xxxx |
| Jose De Jesus Vega | brother | 570-xx-xxxx |
| Rafael Vega | brother | 548-xx-xxxx |
| Cleofas Gabriela Vega | sister | 573-xx-xxxx |
| Liliana Margarita Vega | sister | 573-xx-xxxx |

Petitioner also timely filed a U.S. Individual Income Tax Return (Form 1040) for 1997. On his return, petitioner designated his filing status as head of household and claimed the standard deduction in the amount appropriate to that filing status. Also on his return, petitioner claimed his relatives (except for Jose De Jesus Vega) as dependents. For each of his relatives, petitioner listed a purported 9-digit SSN, the first 3 digits of which were as follows:

| Name | Relationship | SSN |
| --- | --- | --- |
| Benjamin Vega | father | 551-xx-xxxx |
| Margarita Campos | mother | 455-xx-xxxx |
| Rafael Vega | brother | [1]456-xx-xxxx |
| Cleofas Gabriela Vega | sister | 573-xx-xxxx |
| Liliana Margarita Vega | sister | 573-xx-xxxx |

[1] Eight of the 9 digits of the purported SSN for Rafael Vega on the 1997 return were different from the purported SSN for Rafael Vega on the 1996 return. This discrepancy is unexplained in the record.

According to the Office of the Regional Commissioner of the Social Security Administration in Richmond, California, each of the seven different purported SSNs listed by petitioner on his 1996 and 1997 tax returns for his relatives is a validly assigned Social Security number, but it belongs to someone other than

petitioner's relative.  In each instance, identifying information provided, such as petitioner's relative's date of birth, does not match corresponding information for the validly assigned SSN that is on file with the Social Security Administration.

In addition, according to respondent's computer records, each of the seven different purported SSNs listed by petitioner on his 1996 and 1997 tax returns for his relatives belongs to someone other than petitioner's relative.  In each instance, identifying information provided, such as petitioner's relative's date of birth, does not match corresponding information for the validly assigned SSN that is part of respondent's computer records.  For example, the purported SSN listed by petitioner on his 1996 tax return for his brother Rafael Vega relates to a female individual in Rosemead, California, with a birth date of May 27, 1947; further, the purported SSN listed by petitioner on his 1997 tax return for his brother Rafael Vega relates to an individual in Racine, Wisconsin, with a birth date of February 9, 1937.

In 1999 and 2000, respondent assigned each of petitioner's relatives an IRS Individual Taxpayer Identification Number (ITIN).  The date of the notice assigning the ITINs and the first 3 digits of such numbers were as follows:

| Name | Relationship | Notice Date | ITIN |
|------|-------------|-------------|------|
| Benjamin Vega | father | Aug. 9, 1999 | 979-xx-xxxx |
| Margarita Campos | mother | Aug. 9, 1999 | 979-xx-xxxx |
| Jose De Jesus Vega | brother | Oct. 14, 1999 | 983-xx-xxxx |
| Rafael Vega | brother | Sept. 20, 1999 | 983-xx-xxxx |
| Cleofas Gabriela Vega | sister | July 9, 1999 | 980-xx-xxxx |
| Liliana Margarita Vega | sister | Mar. 6, 2000 | 990-xx-xxxx |

In June 2000, respondent's Appeals Office in Laguna Niguel, California, issued a notice of deficiency to petitioner determining deficiencies in his Federal income taxes for 1996 and 1997. The explanation of adjustments in the notice of deficiency, together with the Appeals Office narrative, indicates that petitioner satisfied all but one of the requirements for the allowance of dependency exemptions, namely, that the taxpayer include on the taxpayer's return the identifying number of each individual who is claimed as a dependent.

OPINION

As a preliminary matter, we note that deductions are strictly a matter of legislative grace, and a taxpayer must satisfy the specific requirements for any deduction claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Issue (1): Dependency Exemptions

A taxpayer is entitled to a deduction for an exemption for each individual who qualifies as the taxpayer's dependent under sections 151 and 152. Secs. 151(a), (c), and 152. However, section 151(e) limits this allowance by providing that "No exemption shall be allowed under this section with respect to any

individual unless the TIN of such individual is included on the return claiming the exemption."[2]  See Furlow v. United States, 55 F. Supp.2d 360, 362-365 (D. Md. 1999) (taxpayer's failure to comply with the requirement of section 151(e) is an absolute bar to the allowance of a deduction for a dependency exemption), affd. per curiam without published opinion 210 F.3d 361 (4th Cir. 2000).  The constitutionality of section 151(e) has been upheld by this Court.  See Miller v. Commissioner, 114 T.C. 511 (2000); Cansino v. Commissioner, T.C. Memo. 2001-134; see also Kocher v. Commissioner, T.C. Memo. 2000-238; Davis v. Commissioner, T.C. Memo. 2000-210.

Section 7701(a)(41) defines the term "TIN" for purposes of the Internal Revenue Code to mean "the identifying number assigned to a person under section 6109."  Section 6109(d) provides that the Social Security account number[3] issued to an

---

[2] Sec. 151(e) was added to the Code by the Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1615(a)(1), 110 Stat. 1853.  Sec. 151(e) is generally effective for returns due on or after Sept. 19, 1996.  SBJPA sec. 1615(d)(1), 110 Stat. 1853.  Accordingly, sec. 151(e) is applicable in the present case because petitioner's 1996 and 1997 returns were due after Sept. 19, 1996.  See sec. 6072(a).

[3] SSNs are issued by the Social Security Administration (SSA) of the U.S. Department of Health and Human Services upon application by a citizen, a qualified alien, or by a parent on behalf of a qualified child.  See generally 20 C.F.R. sec. 422.101 through 422.112 (2000).  The issuance of an SSN results in the creation of (1) a record at the SSA of that person's earnings for purposes of determining the old-age, survivors, and disability insurance and other benefits to which that the person
(continued...)

individual is the identifying number of the individual, except as otherwise specified under the applicable regulations.

The regulations provide that an individual who is not eligible to obtain a Social Security number and who is required to furnish a taxpayer identifying number must apply for an ITIN. Sec. 301.6109-1(d)(3)(ii), Proced. & Admin. Regs.  An IRS ITIN is a taxpayer identifying number issued to an alien individual by the Internal Revenue Service, upon application, for use in conjunction with requirements imposed by the Internal Revenue Code.  Sec. 301.6109-1(d)(3)(i), Proced. & Admin. Regs.  An IRS ITIN is not a Social Security number or an account number for use in employment for wages.  Id.

The regulations also provide that an individual who is duly assigned a Social Security number or who is entitled to a Social Security number will not be issued an IRS ITIN.  Sec. 301.6109-1(d)(4), Proced. & Admin. Regs.

In sum, an individual required to furnish a taxpayer identification number must use the individual's SSN unless the individual is not eligible to obtain an SSN, in which case the

---

³(...continued)
may be entitled, and (2) a unique numerical identifier for the individual for use by a variety of governmental and private entities.  See Miller v. Commissioner, 114 T.C. 511, 513-514 (2000).

individual must use an IRS ITIN.[4]

In the present case, petitioner did not include on his tax returns for 1996 and 1997 either valid SSNs or IRS ITINs for his relatives. Rather, petitioner listed purported SSNs relating to individuals other than his relatives. Because section 151(e) requires that the return include the identifying number of the individual who is claimed as a dependent on the return, and not just the identifying number of any individual, it is apparent that petitioner did not comply with the statutory mandate.

At trial, petitioner testified that in 1992, his father Benjamin Vega traveled from petitioner's residence in southern Mexico to the American Consulate in Tijuana, Mexico,[5] and obtained SSNs (and not IRS ITINs) for petitioner's relatives. Petitioner testified further that those SSNs were the exact same SSNs that were included on his returns for 1996 and 1997.[6]

---

[4] Sec. 301.6109-1, Proced. & Admin. Regs., was amended to expressly so provide. See sec. 301.6109-1(a)(1)(ii)(A) and (B), Proced. & Admin. Regs. However, paragraphs (a)(1)(ii)(A) and (a)(1)(ii)(B) apply to income tax returns due (without regard to extensions) on or after Apr. 15, 1998. Sec. 301.6109-1(j)(2)(iii), Proced. & Admin. Regs.

[5] We take note of the fact that Tijuana is located at the U.S.-Mexican border adjacent to San Diego.

[6] Petitioner did not explain why two different purported SSNs for his brother Rafael Vega were included on his 1996 and 1997 returns.

We are unable to accept petitioner's testimony for a variety of reasons, among them the following three:  First, petitioner introduced no documentary evidence to support his testimony.[7]  Second, we do not think that a U.S. consular office would issue six SSNs that had already been assigned to other individuals.  Third, we do not think that SSNs would be assigned to nonresident foreign nationals who are not employed in the United States or not otherwise legally in the United States for a valid nonwork purpose.  In this regard, see 20 C.F.R. sec. 422.104(a)(2), (3), 422.107(a), (e) (2000).

In view of the foregoing, we hold that section 151(e) bars allowance of deductions for dependency exemptions for petitioner's relatives on petitioner's 1996 and 1997 income tax returns.  Respondent's determination in this regard is therefore sustained.

Issue (2):  Filing Status

Petitioner designated his filing status as head of household on his 1996 and 1997 income tax returns.

As relevant herein, a taxpayer is considered a head of household if either (1) the taxpayer maintains as his or her home a household that constitutes, for more than one-half of the

_____

[7]  Petitioner did offer one exhibit in support of his testimony, but it was not admitted into evidence because (inter alia) it was incomplete on its face, it was not authenticated, and it was hearsay (and there were no circumstantial guaranties of trustworthiness or other applicable hearsay exception).

taxable year, the principal place of abode of an individual who qualifies as the taxpayer's dependent under sections 151 and 152, or (2) the taxpayer maintains a household that constitutes the principal place of abode of the taxpayer's father or mother but only if such parent qualifies as the taxpayer's dependent under sections 151 and 152. Sec. 2(b)(1).

We have already held that petitioner is not entitled to an allowance for a dependency exemption for any of his relatives in 1996 and 1997. Accordingly, petitioner does not qualify as a head of household for either of those years. Sec. 2(b)(1). Because petitioner was unmarried, his filing status is "single", see secs. 1(c), 3(c), and he is entitled to the standard deduction applicable to that particular filing status; see sec. 63(c). Respondent's determination in this regard is therefore sustained.

In order to reflect the foregoing,

Decision will be entered for respondent.